UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re Application of:

TEMPORARY SERVICES INSURANCE LIMITED,
a Cayman Islands exempted limited
insurance company,

                                                                            09-MC-48S(Sr)

                Applicant.

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(A). Dkt. #4.

Currently before the Court is the application of Temporary Services Insurance Limited ("TSIL"), for an order, pursuant to 28 U.S.C. § 1782, directing Jay S. Kutler to produce documents and provide deposition testimony for use in a foreign proceeding. Dkt. #1.

TSIL is a limited liability company in the Cayman Islands. Dkt. #1, ¶ 1. On January 28, 2009, the Grand Court of the Cayman Islands entered judgment in the amount of $231,554.65 USD, plus costs, against Interim Personnel of W.N.Y., Inc. ("Interim Personnel"), pursuant to an action captioned *Temporary Services Insurance Ltd. v. Interim Personnel of W.N.Y., Inc.*, Cause No. 152 of 2007. Dkt. #1, ¶ 5 & pp.5-6. Interim Personnel had ceased operations prior to the entry of judgment. Dkt. #1, ¶ 9.

Jay S. Kutler is the current or former president of Interim Personnel and resides within the City of Buffalo, New York. Dkt. #1, ¶ 3. TSIL seeks discovery from Mr. Kutler in an attempt to locate assets of Interim Personnel so that TSIL can enforce its judgment. Dkt. #1, ¶ ¶ 10-11. Specifically, TSIL seeks production and deposition testimony involving:

> All documents relating to any transaction in which all or substantially all of Interim Personnel's assets or business interests were transferred, merged, or otherwise disposed, including without limitation:
>
> (i) signed acquisition documents, including any schedules, exhibits, bills of sale, or other similar documents irrespective of their titles;
>
> (ii) drafts of documents circulated between Interim Personnel and any entity (hereinafter referred to as "Buyer") which acquired by purchase, merger or other transaction all or substantially all of the assets or property of Interim Personnel or of an affiliate of Interim Personnel;
>
> (iii) correspondence between Interim Personnel and any Buyer;
>
> (iv) organizational documents of any Buyer and/or its affiliates, whether in the nature of a parent or subsidiary;
>
> (v) director or shareholder minutes of any Buyer and/or its affiliates relating to the acquisition of Interim Personnel, or the acquisition of any asset, property, or affiliate of Interim Personnel since January 1, 2004; and
>
> (vi) director or shareholder minutes of Interim Personnel and any of its affiliates relating to the acquisition of Interim Personnel, or of any asset, property or affiliate of Interim Personnel since January 1, 2004.

Dkt. #1, ¶ 12. TSIL represents that under Cayman law, a judgment may be enforced as part of the underlying action. Dkt. #1, ¶ 6.

> 28 U.S.C. § 1782 provides, in relevant part, that:
>
> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

"Once the statutory requirements are met," *to wit*, once it has been demonstrated that: (1) the person from whom discovery is sought resides or can be found in this district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is being made by, *inter alia*, an interested person, "a district court is free to grant discovery in its discretion." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004), *quoting In re Metallgesellschaft AG*, 121 F.3d 77, 78 (2d Cir. 1997); *see In re Edelman,* 295 F.3d 171, 175-76 (2d Cir. 2002).

TSIL has established each of the elements of 28 U.S.C. § 1782 by proffering to the Court that Jay S. Kutler resides within the Western District of New York

and that the discovery sought will be used in the judicial proceeding pending in the Cayman Islands. Dkt. #1, ¶¶ 6 & 3. As the plaintiff in the action in the Cayman Islands, TSIL is an interested person. *See Intel Corp.,* 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782"); *In the Matter of Lancaster Factoring Co.*, Ltd., 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to § 1782 makes plain that 'interested person' includes 'a party to the foreign . . . litigation.'").

In exercising its discretion, the Court should be guided by the twin aims of the statute: to provide "equitable and efficacious procedures in United States courts for the benefit of tribunals and litigants involved in foreign litigation" and "to encourag[e] foreign countries by example to provide similar assistance to our courts." *Lancaster*, 90 F.3d at 41 (internal citations omitted). The United States Supreme Court has identified four factors for the courts to consider in evaluating applications for assistance at the discretionary stage of its decision-making: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; and (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States or contains unduly intrusive or burdensome requests. *Intel Corp.*, 524 U.S. at 265.

The Court finds the documents and deposition testimony sought by TSIL are appropriate and relevant to TSIL's legitimate goal to discover the current legal status

of Interim Personnel and the possible transfer of its assets to other entities so that TSIL can attempt to collect upon the judgment entered in the proceeding which remains pending in the Cayman Islands. As TSIL represents that Interim Personnel is no longer represented in the Cayman Island proceedings and its current legal status is unclear, obtaining discovery from the non-party current or former president of Interim Personnel appears to be an efficient and effective means of gleaning that information. It is difficult to perceive any reason why the Cayman Islands would not welcome this Court's assistance in discerning this information. Accordingly, the application is granted and TSIL is authorized, in accordance with the Federal Rules of Civil Procedure, to subpoena Jay S. Kutler to produce documents and provide deposition testimony as set forth above.

**SO ORDERED.**

Dated:    Buffalo, New York
           August 28, 2009

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**